IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONALD W. BASSETT, BASSETT      )
GUTTERS AND MORE, INC., a       )
North Carolina Corporation,     )
BR RACING, LLC, a North         )
Carolina Limited Liability      )
Company, and LISA BASSETT,      )
                                )
          Plaintiffs,           )
                                )
     v.                         )        1:17CV590
                                )
STRICKLAND'S AUTO & TRUCK       )
REPAIRS, INC.,                  )
                                )
          Defendant.            )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Pending before this court is a Motion to Dismiss filed by

Defendant Strickland's Auto & Truck Repairs, Inc. ("Defendant").

(Doc. 5.) This motion is made pursuant to Rule 12(b)(2) and

alleges that this court lacks personal jurisdiction over

Defendant.[1] Plaintiffs responded to the motion

---

[1] Defendant filed a motion to dismiss, (Doc. 5), and an
affidavit in support of its motion. However, although the motion
refers to a brief, (see Doc. 5 at 2), it does not appear that a
brief in support of the motion was filed until after Plaintiffs'
response, (Doc. 11), was filed. Furthermore, it appears
Defendant's brief was docketed as a Reply Brief. (Doc. 13.) The
briefing that has occurred here is not only confusing to the
court but also violates LR 7.3(a), which requires a brief in
support of a motion. It appears this may have been inadvertent
on the part of counsel since the motion itself refers to a
brief, (Doc. 5 at 2); however, counsel is cautioned not to allow
this to happen again.

(Doc. 11)[2] and filed a memorandum in support of their response

(Pls.' Mem. (Doc. 12)). Plaintiffs also filed an amended motion

requesting limited jurisdictional discovery. (Doc. 14.) That

motion was granted by the Magistrate Judge and discovery was

allowed on the issue of personal jurisdiction. (Doc. 15.) The

timetable set forth in the order suggests that discovery should

be completed within thirty days. On December 6, 2017,

approximately fifty days after the discovery order was entered,

Plaintiffs filed a supplemental brief addressing additional

facts found during discovery. (Doc. 16.) Defendant has not filed

a further response. The motion to dismiss, (Doc. 5), is ripe for

ruling. For the following reasons, this court finds Defendant's

motion should be denied.

---

[2] In response to the motion for summary judgment, Plaintiffs filed a brief that included an exhibit which appears to be a printout of Defendant's website. (Doc. 12-2.) Generally speaking, this court does not consider documents submitted in support of a jurisdictional issue that are not in the form of an affidavit or alleged in a complaint as are generally relied upon by a court. See, e.g., Vision Motor Cars, Inc. v. Valor Motor Co., 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013.) A website that is not supported by an explanatory affidavit is complicated to consider in any form, as this court is not able to tell whether the web pages are accurate and what time frame is applicable to the information attached, whether current, at the time of filing of the complaint or at the time of the activities complained of in the complaint. Nevertheless, in light of the other facts of record that are either admitted in the complaint, or alleged in an affidavit or discovery responses, this court does not find it necessary to substantively consider the information about the website.

## I.  <u>The Complaint and Jurisdictional Facts</u>

According to the Complaint and admitted in the Answer, Plaintiffs are all residents of North Carolina. (Complaint ("Compl.") (Doc. 1) ¶¶ 1-3; Answer (Doc. 7) at 2.) Plaintiffs Ronald and Lisa Bassett are residents of Forsyth County, North Carolina; Plaintiff Bassett Gutters and More, Inc., is a North Carolina corporation with a principal place of business in Davidson County; and Plaintiff BR Racing, LLC, is a North Carolina limited liability company with a principal place of business in Forsyth County. (Compl. (Doc. 1) ¶¶ 1-3.) Defendant is a Virginia corporation with a principal place of business in Cana, Virginia. (<u>Id.</u> ¶ 4.)

Plaintiffs allege in the Complaint that they sought to have a replacement engine installed in a 2005 Freightliner tractor. (<u>Id.</u> ¶ 10.) Defendant operates a truck repair business in Cana, Virginia. (<u>Id.</u> ¶ 20.) Defendant towed Plaintiffs' Freightliner tractor to Defendant's business in Virginia and Defendant installed a replacement engine. (<u>Id.</u> ¶¶ 35-36, 41.) Plaintiffs paid for repairs and picked up the tractor. (<u>Id.</u> ¶ 43.) Plaintiffs allege that they moved the tractor to their garage and thereafter the garage caught fire, causing damage to the garage, machines, and tools stored in the garage. (<u>Id.</u> ¶¶ 47-48, 52-54.) Plaintiffs contend, generally as the basis of their

claims, that the origin of the fire was the tractor, (id. ¶ 58), and the fire in the tractor's engine resulted from improper installation of electrical wiring of the replacement engine. (Id. ¶¶ 59-60.) Plaintiffs assert claims of negligence and breach of an express warranty. (See generally Compl. (Doc. 1).)

In support of its motion to dismiss for lack of personal jurisdiction, Defendant has filed the affidavit of Kristie Strickland ("Strickland"), the current owner of Defendant. (Aff. of Kristie Strickland ("Strickland Aff.") (Doc. 6) ¶ 1.) Strickland states in her affidavit that Defendant does not solicit business in North Carolina and "all work is performed in Virginia at Strickland's place of business." (Id. ¶¶ 3, 6.) Strickland states that its customers are primarily from Virginia but that they also have customers in other states including North Carolina. (Id. ¶¶ 5-6.) Strickland candidly acknowledges that it does on occasion receive calls for auto services in North Carolina, (id. ¶ 7), and that Defendant does travel to North Carolina occasionally to pick up cars or trucks for jobs that it performs in Virginia, (id. ¶ 10). Defendant advertises in the Carolina/Virginia Truck Trader, distributed in North Carolina and Virginia. (Id. ¶ 8; see also Pls.' Suppl. Br., Ex. A, Limited Interrogs. ("Interrogs.") (Doc. 16-1) at 3.) With respect to the work on the tractor for Plaintiffs, Strickland

states that Defendant traveled to North Carolina, towed the
tractor back to its business in Cana, Virginia, and performed
the work in Virginia. (Strickland Aff. (Doc. 6) ¶ 11.)
Plaintiffs picked up the tractor in Virginia. (Id. ¶ 12.)

Following jurisdictional discovery, Plaintiffs submitted
additional facts obtained from Defendant through interrogatories
and document production. (Pls.' Suppl. Br. (Doc. 16) at 2;
Ex. A, Interrogs. (Doc. 16-1).) Those invoices submitted show
that in the last three years, forty-nine of seventy-nine
invoices were billed to customers in North Carolina. (Pls.'
Suppl. Br. (Doc. 16) at 2; Ex. A, N.C. Invoices attached to
Interrogs. ("Invoices") (Doc. 16-1) at 8-88.) Four invoices
reflect that Defendant towed the vehicle from North Carolina to
its garage in Virginia. (Pls.' Suppl. Br. (Doc. 16) at 2;
Invoices (Doc. 16-1) at 8-88.) Defendant did not file a
supplemental brief following jurisdictional discovery.

## II.  <u>**LEGAL STANDARD OF REVIEW**</u>

"Under Rule 12(b)(2), a defendant must affirmatively raise
a personal jurisdiction challenge, but the plaintiff bears the
burden of demonstrating personal jurisdiction at every stage
following such a challenge." <u>Grayson v. Anderson</u>, 816 F.3d 262,
267 (4th Cir. 2016) (citation omitted); <u>Combs v. Bakker</u>, 886
F.2d 673, 676 (4th Cir. 1989). Such a challenge may be resolved

by the court as a preliminary matter. Grayson, 816 F.3d. at 267. While this burden varies depending on the procedural posture of the case,

> when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge. When determining whether a plaintiff has made the requisite prima facie showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff.

Id. at 268 (citations omitted). "A plaintiff makes a prima facie showing in this context when it 'present[s] evidence sufficient to defeat a motion for judgment as a matter of law.'" Debbie's Staffing Servs., Inc. v. Highpoint Risk Servs., LLC, No. 1:17CV657, 2018 WL 1918603, at *2 (M.D.N.C. Apr. 20, 2018) (citations omitted).

"Where the defendant has provided evidence, however, that denies facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element that has been denied by the defendant and on which the defendant has presented evidence." Vogel v. Wolters Kluwer Health, Inc., 630 F. Supp. 2d 585, 594 (M.D.N.C. 2008); see also Wolf v. Richmond Cnty. Hosp. Auth., 745 F.2d 904, 908 (4th Cir. 1984) ("In ruling on a motion to dismiss for

lack of personal jurisdiction, the allegations of the complaint, except insofar as controverted by the defendant's affidavit, must be taken as true." (internal quotation marks omitted)).

A federal district court may only assert personal jurisdiction over a nonresident defendant when two conditions are satisfied: "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) (citation omitted). North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4(1)d, is construed "to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Christian Sci. Bd. of Dirs., 259 F.3d at 215 (citing Century Data Sys., Inc. v. McDonald, 109 N.C. App. 425, 427, 428 S.E.2d 190, 191 (1993)). "Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant may exist by virtue of either specific jurisdiction or general jurisdiction. See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). Specific jurisdiction considers instances where the nonresident defendant's "contacts with the forum also provide the basis for the suit" whereas general jurisdiction considers instances where the defendant's contacts with the forum are so "continuous and systematic" as to provide support for jurisdiction over any cause of action. See id. (citation omitted). A defendant's conduct and connection to the forum must be "such that [it] should reasonably anticipate being haled into court there." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014)

## III. ANALYSIS

In their Complaint and response to Defendant's motion, Plaintiffs allege this court has personal jurisdiction over Defendant because Defendant engages in substantial activity in North Carolina, has customers in North Carolina, the injury was suffered in North Carolina, and Defendant solicited business within this state. (Compl. (Doc. 1) at 2; Pls.' Mem. (Doc. 12) at 7.) Defendant contends this court does not have personal jurisdiction because the work performed for Plaintiffs was

performed in Virginia, and Defendant does not actively nor regularly solicit business in North Carolina. (Def.'s Br. (Doc. 13) at 7.) In this case, Plaintiffs have not stated whether they seek to demonstrate that this court has general or specific jurisdiction over the corporate Defendant in this case. Because it is apparent to this court that it does not have general jurisdiction over Defendant,[3] it will proceed to consider whether it has specific jurisdiction. Again, specific jurisdiction may exist where the nonresident defendant's "contacts with the forum also provide the basis for the suit." See Carefirst of Md., 334 F.3d at 397. Because North Carolina construes its long-arm statute as providing for personal jurisdiction to the fullest extent permitted by the Due Process Clause, this court considers

---

[3] "[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014) (citation omitted). For example, the Supreme Court explained, a corporation is "essentially at home" when it is incorporated or has its principal place of business there. Id. at 137-38. "It is the 'exceptional case' when a court exercises general jurisdiction in a forum outside of those paradigm bases." Hicks v. Jayco, Inc., No. 1:16CV1236, 2018 WL 1363843, at *2 (M.D.N.C. Mar. 15, 2018) (quoting Daimler, 571 U.S. at 139 n.19.) In this case, Plaintiffs do not dispute that Defendant is a Virginia corporation with a principal place of business in Virginia. (Compl. (Doc. 1) ¶ 4.) Nor does Plaintiffs offer any other basis for finding general jurisdiction over Defendant.

whether Plaintiffs have made an adequate showing that Defendant
has sufficient contacts with North Carolina to satisfy
constitutional due process.

It is undisputed that Defendant maintained no place of
business in North Carolina, had no office in North Carolina, and
does not own property in North Carolina. It is further
undisputed that Plaintiffs' claims arise out of Defendant's
business activities, that is, the repair of a tractor engine. It
is also undisputed that Plaintiffs met with Defendant in
Virginia to arrange repairs to the tractor and thereafter
Defendant traveled to North Carolina to pick up the tractor in
order to perform those repairs. Although Defendant performed
those repairs in Virginia, the performance of those repairs is
alleged to have caused injury and damage to Plaintiffs' business
in North Carolina.

"Fairness is the touchstone of the jurisdictional inquiry,"
Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.,
682 F.3d 292, 301 (4th Cir. 2012), and a three-part test is
employed to determine whether exercise of jurisdiction comports
with due process. This test requires analyzing: "(1) the extent
to which the defendant purposefully availed itself of the
privilege of conducting activities in the State; (2) whether the
plaintiffs' claims arise out of those activities directed at the

State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." <u>ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.</u>, 293 F.3d 707, 712 (4th Cir. 2002) (internal quotations omitted). This court considers each inquiry in turn.

### A.    Purposeful Availment

Although there are no "talismanic jurisdictional formulas," <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 485 (1985), the Fourth Circuit has cited a number of nonexclusive factors that a court may consider in the business context when determining whether a defendant has "purposefully availed" itself of the benefits and protections of a particular jurisdiction:

> (1) "whether the defendant maintains offices or agents
> in the forum state;" (2) "whether the defendant owns
> property in the forum state;" (3) "whether the
> defendant reached into the forum state to solicit or
> initiate business;" (4) "whether the defendant
> deliberately engaged in significant or long-term
> business activities in the forum state;" (5) "whether
> the parties contractually agreed that the law of the
> forum state would govern disputes;" (6) "whether the
> defendant made in-person contact with the resident of
> the forum in the forum state regarding the business
> relationship;" (7) "the nature, quality and extent of
> the parties' communications about the business being
> transacted;" and (8) "whether the performance of
> contractual duties was to occur within the forum."

<u>Universal Leather</u>, 773 F.3d at 560 (citation omitted).

"The purposeful availment inquiry is grounded on the traditional due process concept of 'minimum contacts,' which

itself is based on the premise that 'a corporation that enjoys the privilege of conducting business within a state bears the reciprocal obligation of answering to legal proceedings there.'" Id. at 559. "The analysis must focus on the nature, quality, and quantity of the contacts, as well as their relation to the forum state." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 279 n.5 (4th Cir. 2009)

In this case, with respect to the first and second factors, it is undisputed that Defendant does not maintain an office or place of business in North Carolina, nor does Defendant own property in North Carolina. However, with respect to the third factor, it appears from this record that Defendant does regularly solicit business in North Carolina. Defendant derives its customers due to word of mouth, (Strickland Aff. (Doc. 6) at 2), but Defendant has also advertised in the Carolina/Virginia Truck Trader. (Id.; see also Interrogs. (Doc. 16-1) at 3.) That publication is distributed in North Carolina and Virginia. (Interrogs. (Doc. 16-1) at 3.) Defendant also runs ads in a national breakdown services directory. (Id. at 5-6, 87-88.) As a national directory, it appears the directory includes North Carolina. Advertising in the Carolina/Virginia Truck Trader evidences Defendant's general intent to do business with North Carolina residents while advertising in a national breakdown

services directory is not especially probative on this issue.
See Pathfinder Software, LLC v. Core Cashless, LLC, 127 F. Supp.
3d 531, 542-43 (M.D.N.C. 2015); Burleson v. Toback, 391 F. Supp.
2d 401, 415 (M.D.N.C. 2005). Defendant's advertising, although
limited, manifests a general intent to do business with North
Carolina residents. See Asahi Metal Indus. Co., Ltd. v. Superior
Court of Cal., 480 U.S. 102, 112 (1987) (O'Connor, J., plurality
op.) (reasoning that a defendant "may indicate an intent or
purpose to serve the market in the forum State, for
example, . . . [by] advertising in the forum State"); World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980)
(considering whether solicitation of business had occurred
"through advertising reasonably calculated to reach the State").

Furthermore, as to the fourth inquiry, Defendant's invoices
demonstrate that Defendant's advertisements and its word of
mouth reputation have generated significant business in North
Carolina. Defendant's invoices show that in the last three
years, approximately forty-nine of seventy-nine invoices were
billed to customers in North Carolina. (Pls.' Suppl. Br. (Doc.
16) at 2; Invoices (Doc. 16-1) at 8-88.) While it may very well
be true that Defendant's primary business intent is that of a
Virginia business, the contacts described above are repetitive
and substantial. Cf. Reed v. Beverly Hills Porsche, Case No.

6:17-cv-00059, 2018 WL 797444, at *7 (W.D. Va. Feb. 8, 2018)
(considering the percentage of total sales to forum state
purchasers in analyzing defendant's significant and/or long-term
business activities within forum state). "[I]f the sale of a
product of a manufacturer or distributor [in the forum state]
. . . is not simply an isolated occurrence, but arises from the
efforts of [defendant] to serve directly or indirectly, the
market for its product . . . , it is not unreasonable to subject
it to suit." World-Wide Volkswagen, 444 U.S. at 295-97
(considering whether Volkswagen "regularly [sold] cars at
wholesale or retail to [forum state] customers or residents" in
determining whether purposeful availment had occurred).

The invoices reflecting work for customers are for
substantial engine repairs and the work carries a sixty-day
warranty as reflected on the stamp on the front of the invoice;
that warranty is extended to customers in North Carolina. (See,
e.g., Invoices (Doc. 16-1) at 8, 15, 16, 17.) The warranty
appears to extend Defendant's contact with its North Carolina
customers beyond that necessary to perform the substantive
repair work in Virginia. Where a defendant "has created
'continuing obligations' between himself and residents of the
forum, he manifestly has availed himself of the privilege of
conducting business there . . . ." Burger King, 471 U.S. at 476

(citation omitted); see also Hicks v. Jayco, Inc., No. 1:16CV1236, 2018 WL 1363843, at *5 (M.D.N.C. Mar. 15, 2018).

Fifth, there is no evidence that the parties in this case made a contractual agreement regarding whether Virginia or North Carolina law would govern disputes.

With respect to Plaintiffs specifically, the invoice for the engine replacement is attached to the Complaint. (Compl, Ex. A, Invoice (Doc. 1-1) at 1.) That invoice also includes a sixty-day warranty. (See id.) The warranty reflected in that invoice is the basis for Plaintiffs' Fourth Cause of Action (Compl. (Doc. 1) at 12-13), but regardless, the warranty reflects Defendant's specific acceptance of a continuing obligation as to the tractor repairs underlying Plaintiffs' claims in this case. See Hicks, 2018 WL 1363843, at *5 (finding that a warranty which entitled plaintiff to repairs either in or out of state "evidences [defendant's] intent to provide servicing of its products in North Carolina – another indication of purposeful availment").

As to the sixth factor, in this case, the contract was negotiated in Virginia, the repair work was performed in Virginia, and Plaintiffs picked up the tractor in Virginia. On the other hand, Defendant traveled to North Carolina to tow the tractor to Virginia and Defendant extended its warranty for the

work performed to a North Carolina company. Thus, as to the sixth factor, Defendant did make limited, in person contact with Plaintiffs in North Carolina regarding the business relationship at issue in this case.

Seventh, the nature, quality, and extent of the parties' communications about the business being transacted occurred both in Virginia and North Carolina as Plaintiffs traveled to Virginia to discuss the repair work with Defendant and Defendant traveled to North Carolina to pick up the tractor to start the repair process. Eighth, the performance of the contractual duties at issues was to occur in Virginia with respect to the repair work itself.

In objecting to the exercise of jurisdiction, Defendant contends this case is similar to Marion v. Long, 72 N.C. App 585, 325 S.E.2d 300 (1985). The court in Marion held that while the requirements under the North Carolina long-arm statute were satisfied, the constitutional requirement of minimum contacts was not. Id. at 587, 325 S.E.2d at 302. In Marion, only two contacts were present – an advertisement placed in a national magazine and the defendants' trip to North Carolina and the closing of the contract. Id. at 587, 325 S.E.2d at 323. Even assuming that Marion might constitute persuasive authority in this court as to a constitutional question, the Marion court

stated that "[w]hile we are aware that jurisdiction may constitutionally be based on a single contract, the single-contract cases finding sufficient contact have, unlike this one, involved other factors beyond simple formation of a contract." Id. at 589, 325 S.E.2d at 303 (citation omitted). In support of this proposition, the Marion court cited Fiber Industries v. Coronet Industries, 59 N.C. App. 677, 298 S.E.2d 76 (1982) for the proposition that "substantial other business in North Carolina" was a distinguishing factor in Fiber Industries in supporting jurisdiction. Marion, 72 N.C. App. at 589, 325 S.E.2d at 304. Similarly, in this case, Defendant has conducted "substantial other business in North Carolina" sufficient to support a finding of personal jurisdiction.

In sum, in this case, the first two factors do not weigh in favor of personal jurisdiction; the third factor weighs somewhat in favor of jurisdiction; the fourth factor weighs heavily in favor of jurisdiction; the fifth factor does not weigh in favor of either outcome; the sixth factor weighs somewhat in favor of jurisdiction; the seventh factor weighs somewhat in favor of jurisdiction; and the eighth factor does not weigh in favor of jurisdiction.

**B.   Facts Giving Rise to Plaintiff's Claims**

The next step requires determining whether or not Defendant's contacts with North Carolina form the basis of the present lawsuit. As recently acknowledged by another court in this district:

> To satisfy the second prong, [plaintiff's] negligence claim must result from alleged injuries that "arise out of or relate to" [defendant's] above-noted contacts with North Carolina. Burger King, 471 U.S. at 472-73, 105 S. Ct. 2174 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984)); see also Verizon Online Servs., Inc. v. Ralsky, 203 F.Supp.2d 601, 620 (E.D.Va.2002) ("If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." (quoting CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1267 (6th Cir. 1996))). Contrary to [defendant's] assertion, the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Walden, 134 S. Ct. at 1125. Accordingly, personal jurisdiction can be appropriate where the injury "would not have occurred but for" a defendant's contacts with the forum State. Id. at 1124 (emphasis added). The Supreme Court has also characterized the arising-out-of prong as akin to proximate causation. See Burger King, 471 U.S. at 475, 105 S. Ct. 2174 ("Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State.").

Broadus v. Delta Air Lines, Inc., 101 F. Supp. 3d 554, 560-61 (M.D.N.C. 2015).

In this case, it appears to this court that, but for Defendant's extensive business with North Carolina customers and occasional practice of towing vehicles from North Carolina to its shop in Virginia, repairing them, and then knowingly sending them back into North Carolina, Plaintiffs' injury would not have occurred. Here, Defendant entered into a business relationship with Plaintiffs, another North Carolina consumer, picked up Plaintiffs' tractor in North Carolina, and then repaired the tractor knowing it would be returned to North Carolina. But for Defendant's contact with North Carolina, Plaintiffs' injury would not have occurred. Defendant should have anticipated, by servicing copious North Carolina customers, including traveling into North Carolina to pick up said equipment, that it could be haled into a court in North Carolina for injuries it inflicted during provision of its services. This court concludes that Plaintiffs' injuries arose directly out of, and are closely related to, Defendant's connection with North Carolina.

### C. **Constitutional Reasonableness**

"Under the final prong — the constitutional reasonableness inquiry — a defendant 'who purposefully has directed his activities at forum residents' defeats jurisdiction if he can 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" <u>Hicks</u>,

2018 WL 1363843, at *8 (quoting Burger King, 471 U.S. at 477).
"This prong of the analysis 'ensures that litigation is not so
gravely difficult and inconvenient as to place the defendant at
a severe disadvantage in comparison to his opponent.'" Tire
Eng'g, 682 F.3d at 303 (citation omitted). In making this
determination, the court has considered "(1) the burden on the
defendant of litigating in the forum; (2) the interest of the
forum state in adjudicating the dispute; (3) the plaintiff's
interest in obtaining convenient and effective relief; (4) the
shared interest of the states in obtaining efficient resolution
of disputes; and (5) the interests of the states in furthering
substantive social policies." Consulting Eng'rs, 561 F.3d at
279.

In this case, the burden on Defendant of litigating in
North Carolina is slight, as evidenced by Defendant not arguing
any unusual inconvenience of litigating in this court; Defendant
has continued significant business relationships with North
Carolina customers; Plaintiffs are interested in litigating in
this forum; North Carolina has a strong interest in protecting
one of its companies from damages caused by others; and Virginia
has some interest in the dispute but not any interest greater
than North Carolina's. Therefore, this court's exercise of

personal jurisdiction over Defendant is constitutionally reasonable.

IV.  **CONCLUSION**

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (Doc. 5), is **DENIED**.

This the 23rd day of July, 2018.

_____
United States District Judge